**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

HENRY ALLISON,

    Plaintiff,

vs.                                                                           CIV. NO. 08-445 JH/LFG

BILL RICHARDSON,

    Defendant.

**MEMORANDUM OPINION AND ORDER
VACATING PRIOR ORDER AND DISMISSING
PLAINTIFF'S CLAIMS AGAINST ALL DEFENDANTS WITH PREJUDICE**

THIS MATTER is before the Court on Gary K. King and Mary Herrera's Motion to Extend Order of Dismissal with Prejudice to Defendants Gary K. King and Mary Herrera, filed August 27, 2008 (Doc. No. 18). On August 8, 2008, the Court entered an order dismissing with prejudice all claims against defendant Bill Richardson (Doc. No. 17). In accordance with Rule 60 of the Federal Rules of Civil Procedure, that order is hereby vacated and this order is entered in its place.

Pro se Plaintiff Henry Allison originally filed his Complaint in New Mexico state district court on March 31, 2008. The caption of the Complaint named only Governor Bill Richardson as a Defendant. Allison named neither King nor Herrera (who are also State employees) in the style of his complaint, but he served the Complaint on them and listed them as "Real Parties of Interest" and "Parties" in two separate sections of the body of his Complaint. *See* Doc. 1 at pp. 2 and 3. The Complaint does not otherwise mention King or Herrera.

Apparently unaware that Allison had served King and Herrera with a copy of the Complaint and that they were codefendants in the case, counsel for Richardson removed the case to federal court on May 1, 2008 without informing them of that action or obtaining their consent to removal

as required by 28 U.S.C. §1441(a) and §1446(a).  On May 5, 2008, Richardson's counsel filed a copy of the notice of removal with the state court.  On May 7, 2008, counsel for King and Herrera, who apparently did not see the notice of removal filed in the state court docket, filed a motion to dismiss the claims against them in state court.  On August 19, 2008, the state court granted King and Herrera's motion to dismiss.[1]  Having learned of Richardson's purported removal of the case to federal district court, King and Herrera now seek an order either clarifying that this Court's August 8, 2008 Order dismissing the complaint with prejudice also applies to them or an order dismissing any claims that Allison may have against them with prejudice.  Allison has not responded to the motion.[2]

The Court concludes that Richardson initially failed to properly remove the case to this federal district court.  First, as Allison is *pro se*, the Court must read his complaint liberally. *Erickson v. Pardus*, --- U.S. ----, ----, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) ("A document filed *pro se* is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.").  In so doing, it is clear that Allison intended to sue Richardson, Herrera, and King, even though he named only Richardson in the caption of the complaint.  The body of the complaint unequivocally names King and Herrera as defendants, and Allison served the complaint on them.  Indeed, the fact that they litigated the case in state court demonstrates that King and Herrera understood themselves to be named defendants.

Second, removal to federal district court is procedurally proper only when all defendants

---

[1] It is unclear why the state district court continued to adjudicate Plaintiffs' claims after Richardson's counsel filed his notice of removal in state court.

[2] Under our Local Rules, failure to respond constitutes consent to grant the motion.

consent to such removal.  *See, e.g, Chicago, Rock Island & Pac. Ry. Co. v. Martin*, 178 U.S. 245, 248 (1900) (concluding that "all the defendants must join in the application" for removal); *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 203 (4th Cir. 2006) ("Failure of all defendants to join in the removal petition . . . is . . . an error in the removal process.").  However, the lack of unanimous consent is a procedural defect, not a jurisdictional defect.  *Farmland National Beef Packing Co., L.P. v. Stone Container Corp.*, 98 Fed. Appx. 752, 756, 2004 WL 830769 (10th Cir. 2004) (cataloging cases) (unpublished).  In the face of this procedural defect, the court may remand the case to state district court only upon a motion to remand made within 30 days of the filing of the notice of removal.  *Id*.  This thirty day period binds the district court as well as any party opposing removal.  *Id*.  Significantly more than thirty days have past since Richardson filed his notice of removal, rendering the procedural defect moot.  Therefore, despite the procedural defect in removal, this Court is without power to remand the case to state district court.  As a result of the foregoing, the Court concludes that due to the removal, the United States District Court has jurisdiction over this case, including defendants King and Herrera, and that the state district court lost jurisdiction as of May 1, 2008.

With regard to King and Herrera's current motion to extend order of dismissal, the Court interprets it as a motion to join Richardson's First Motion to Dismiss, filed May 1, 2008.  In accordance with Rules 60(a), 60(b)(1), and 60(b)(6) of the Federal Rules of Civil Procedure, the Court finds that as a result of an oversight and mistake by the parties and the Court, until this time the Court has not had Plaintiffs' claims against all parties properly before it.  Justice requires that the Court vacate its prior order and revisit Richardson's First Motion to Dismiss, along with King and Herrera's request to join in that motion (to which Allison also failed to respond).

In his Complaint, Allison contends that Governor Richardson, King, and Herrera deprived

3

him of due process and equal protection rights, and he seeks substantial damages as well as injunctive relief. Allison does not allege exactly what any of the defendants has done to deprive him of constitutional rights. It appears, however, that his lawsuit involves a claim that Allison notified various State officials, including all three defendants' predecessors, that he and his spouse were not subject to taxation because he or they rescinded their State citizenship and were "expatriated" from the United States and the State of New Mexico. Allison contends that he gave the defendants a deadline within which to respond to Allison's contention that he was not subject to the laws of New Mexico, and that they failed to reply. Allison intimates that the defendants' (or their predecessors') failure to respond is a constitutional violation. Therefore, Allison contends the defendants have defaulted and can no longer dispute his claim of "expatriation" and "repatriation," and that he is not subject to taxation by either the State of New Mexico or the United States.

As a result of Allison's misguided belief that he could somehow exempt himself from the laws of New Mexico and the United States, he apparently asserts that he has "opted out" of the system and therefore need not pay property tax or payroll taxes. Allison's Complaint sounds the tiresome and universally rejected refrain presented by tax protestors. *See, e.g.,* Christopher S. Jackson, "The Inane Gospel of Tax Protest: Resist Rendering Unto Caesar--Whatever His Demands," 32 *Gonzaga L. Rev.*, 291 (1996-97) (discussing common tax protestor arguments); *Stockton v. N.M. Taxation & Rev. Dep't*, 2007-NMCA-071, 141 N.M. 860, 161 P.3d 905 (Ct. App. 2007). His arguments are specious and unsupported by law.

As noted by Richardson, the very issues Allison raised were previously described as "a hodgepodge of unsupported assertions, irrelevant platitudes, and legalistic gibberish." *Crain v. Comm'r of Internal Revenue*, 737 F.2d 1417, 1418 (5th Cir. 1984). In *Crain*, the Fifth Circuit held that government should not be "put to the trouble of responding to such spurious arguments, nor

4

[the] court to the trouble of 'adjudicating' . . . meritless" claims.  So, too, our own circuit in *Lonsdale v. United States*, 919 F.2d 1440 (10th Cir. 1990) spoke on arguments similar to those pressed by Allison and found that the arguments are completely lacking in legal merit and are patently frivolous.  For example, Allison claims there are "two separate jurisdictions" within the United States: one being a "federal zone" and the second being the fifty states.  He claims that the Internal Revenue Service has jurisdiction only in the federal zone. The argument that the authority of the United States is confined to the District of Columbia was soundly rejected in *Lonsdale*.  *Id.* at 1448.  Allison's Complaint mirrors virtually the same arguments which were rejected in *Lonsdale*.  It is not necessary that the Court individually discuss each of the meritless claims.

In short, the Court concludes that Allison's Complaint fails to state a claim for which relief may be granted under Fed. R. Civ. P. 12(b)(6), and amendment would be futile.  Accordingly,

**IT IS THEREFORE ORDERED** that:

(1)    The Court's August 8, 2008 order (Doc. No. 17) is **VACATED**;

(2)    Governor Bill Richardson's First Motion to Dismiss (Doc. No. 3) is **GRANTED**;

(3)    Gary K. King and Mary Herrera's Motion to Extend Order of Dismissal with Prejudice to Defendants Gary K. King and Mary Herrera, filed August 27, 2008 (Doc. No. 18) is **GRANTED**; and

(3)    Plaintiff's Complaint, including all claims against Richardson, King, and Herrera, is **DISMISSED WITH PREJUDICE** in its entirety.

_____
**UNITED STATES DISTRICT COURT**